UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NARCISCO GOMEZ,

v.                                                      Case No. 8:04-cr-549-T-17EAJ
                                                                 8:06-cv-2023-T-17EAJ

UNITED STATES OF AMERICA.

_____

ORDER

This cause is before the Court on Defendant Gomez's 28 U.S.C. § 2255 motion to

vacate, set aside, or correct an allegedly illegal sentence. (D-CV-1; D-CR-157).

**BACKGROUND**

On November 10, 2004, a federal grand jury in Tampa, Florida, returned an

indictment charging Gomez and others with one count of conspiracy to possess with intent

to distribute five kilograms or more of cocaine while on board a vessel subject to the

jurisdiction of the United States, in violation of 46 U.S.C. app. §§ 1903(a), (g) and (j), and

21 U.S.C.§ 960(b)(1)(B)(ii) (Count One); and one count of possession with intent to

distribute five kilograms or more of cocaine while on board a vessel subject to the

jurisdiction of the United States, in violation of 46 U.S.C. app. §§ 1903(a), (g); 18 U.S.C.

§ 2; and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). D-CR-1.

On March 8, 2005, a plea agreement signed by Gomez and the government was filed with this Court as D-CR-60. Among other provisions, the plea agreement provided for Gomez to plead guilty to Count One of the Indictment. The next day, however, Gomez pled guilty without the benefit of a plea agreement to both counts of the Indictment. On April 7, 2005, the Court accepted Gomez's guilty plea and adjudicated him guilty. D-CR-76.

On July 26, 2005, this Court sentenced Gomez to a 135-month term of imprisonment, to be followed by a 60-month term of supervised release. D-CR-97, 103. Gomez did not file a direct appeal. On October 30, 2006, Gomez filed his original section 2255 motion and supporting memorandum of law raising the following grounds for relief:

a.    Gomez's counsel was ineffective for failing to file a motion to dismiss the indictment based on a Speedy Trial violation; and

b.    Gomez's plea was unknowing, constituting a due process violation.

D-CV-1.[1]

Gomez's conviction became final on August 8, 2005, when the time for filing a direct appeal had passed; therefore, he had until August 8, 2006, to file his section 2255 motion. See generally D-CR-103 and D-CV-2 at 15. *See Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). Gomez's motion is not timely. See 28 U.S.C. § 2255.

The one-year statute of limitations for filing a collateral proceeding under section 2255 begins to run from the latest of: (1) the date on which the judgment of conviction

---

[1] Gomez's petition is signed October 25, 2006, still well past the one-year statute of limitations period governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) for filing his petition.

becomes final; (2) the date any unconstitutional government impediment precluding the movant from making a motion is removed; (3) the date on which the right asserted was initially recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 ¶ 6(1)-(4); *Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002).

Gomez's conviction became final on August 8, 2005, when the time for filing a direct appeal had passed. In accordance with section 2255 § 6(1), therefore, he had until August 8, 2006, to file his section 2255 motion. Gomez, however, did not file his section 2255 motion until October 30, 2006, almost two months later. Therefore, Gomez's section 2255 motion is untimely. *See, e.g., Close v. United States*, 336 F.3d 1283, 1284-86 (11th Cir. 2003). In his reply to the Government's response, Gomez admits that the petition is untimely.

Gomez's assertions do not warrant equitable tolling of the one-year limitations period. Equitable tolling is "an extraordinary remedy" that is permitted "only sparingly." *Jones*, 304 F.3d at 1038-39. It is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The movant bears the burden of demonstrating these extraordinary circumstances. *Jones*, 304 F.3d at 1040. The allegations in Gomez's pleading, even when construed liberally, see *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), do not create a dispute of material facts about the timeliness of Gomez's petition as he does not address any reason for his late filing.

At most, Gomez alleges attorney negligence, which is not a basis for the "extraordinary remedy" of equitable tolling. *Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005). A prisoner is not entitled to equitable tolling unless he demonstrates both diligence in his efforts to file a timely petition and extraordinary and unavoidable circumstances. *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006), *opinion modified on rehearing*, 459 F.3d 1310 (11th Cir. 2006), *petition for certiorari filed*, No. 03-14304 (U.S. Jan. 11, 2007). Gomez bears the burden of establishing that equitable tolling is warranted, *Rainey v. Sec'y for the Dep't of Corr.*, 443 F.3d 1323, 1330 (11th Cir. 2006) and that he exercised due diligence in searching for the factual predicate of his claim, *Bailey v. Crosby*, 2005 WL 2149285, *5 (M.D. Fla. 2005). Gomez's allegations actually undermine any suggestion of diligence on his part because the speedy trial and due process violations he now complains of were known to him at the time of his plea and he does not allege that these claims are newly discovered. The facts supporting both claims of the instant motion to vacate were discoverable no later than July 26, 2005, the date on which Gomez was sentenced. Pursuant to section 2255(4), application of the postponed accrual provision if the one-year statute of limitations "is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp.2d 629, 630 (D. Md. 1999). Here, Gomez has not shown extraordinary circumstances, let alone circumstances that were beyond his control and unavoidable. *See Johnson v. United States*, 340 F.3d 1219, 1226- 27 (11th Cir. 2003), *aff'd*, 544 U.S. 295 (2005); *Sandvik*, 177 F.3d at 1271-72.

Gomez does not assert that he ever contacted his attorney to appeal or to inquire of any of the issues he now complains of. Instead, perhaps in an attempt to avoid

4

dismissal, Gomez vaguely asserts that he is "unfamiliar with the American criminal justice system." D-CV-2 at 9. If Gomez means to suggest by this assertion that he could not have earlier "discovered through the exercise of due diligence" the facts supporting his claims, see 28 U.S.C. § 2255 ¶ 6(4), he is incorrect. These facts--what transpired prior to, during, and shortly after his plea--obviously were known to him and could have been discovered at any time through the exercise of due diligence.

Accordingly, the Court orders:

That Gomez's motion to vacate, (D-CV-1; D-CR-157) is denied, with prejudice, as time-barred.  The Clerk is directed to enter judgment against Gomez in the civil case and to close that case.  The Clerk is directed to terminate all pending motions.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in

these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on _____*MAY 1st*_____, 2007.


ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE


AUSA: James C. Preston
Narcisco Gomez, Pro se